IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARTIN ENG,

    Plaintiff,

v.

WASHINGTON MUTUAL BANK, FA;
J.P. MORGAN CHASE BANK, N.A.;
CALIFORNIA RECONVEYANCE CO.;
QUALITY LOAN SERVICE CORP.; LA
SALLE BANK NATIONAL ASSOC.;
and DOES 1–20, Inclusive,

    Defendants.

      /

No. C 12-05062 WHA

**ORDER GRANTING IN PART MOTIONS TO DISMISS AND DECLARING PLAINTIFF VEXATIOUS LITIGANT**

**INTRODUCTION**

Defendants move to dismiss plaintiff's complaint and to declare plaintiff a vexatious litigant. For the foregoing reasons, defendants' motions are **GRANTED IN PART**.

**STATEMENT**

This action arises from a mortgage on real property. In June 2005, plaintiff Martin Eng mortgaged his property on Lombard Street in San Francisco (Dkt. No. 32 Exh. A). The mortgage was for $1,789,500 (*ibid.*). The deed of trust listed defendant Washington Mutual Bank, FA, as the lender and defendant California Reconveyance Company as the trustee (*ibid.*). Plaintiff contends that defendant La Salle Bank National Association was also a trustee on the deed of trust (Compl. 3). Defendant Quality Loan Service Corporation foreclosed on the

property in 2011 (*id.* at 2). As part of the foreclosure, Quality Loan transferred title to defendant J.P. Morgan Chase Bank, N.A. (*ibid.*).

In September 2012, plaintiff filed this action opposing the foreclosure (Dkt. No. 1). In his complaint, plaintiff alleges that he "did sign a NOTE and Deed of Trust with [Washington Mutual] on or about November 25, 2005 for $434,495,100" (Compl. 3).

In late December, defendants filed the instant motions (Dkt. Nos. 16 and 17). Defendants moved to dismiss the complaint because the $434,495,100 loan alleged in plaintiff's complaint never existed (Dkt. No. 14-1). Defendants also moved to declare plaintiff a vexatious litigant because he had repeatedly filed actions against defendants on the foreclosure of the Lombard property (Dkt. No. 17-1). Defendants seek an order declaring plaintiff a vexatious litigant and requiring him to undergo pre-filing review on all future complaints where plaintiff files pro se in district courts in California (*id.* at 1–2.). Alternatively, defendants request a pre-filing review only on plaintiff's future pro se complaints against defendants in this action (*id.* at 2).

In late January 2013, plaintiff filed his opposition to the instant motion and appended a proposed amended complaint (Dkt. No. 32). In his proposed amended complaint, plaintiff has removed all defendants except J.P. Morgan (Proposed Amd. Compl. 1). He has also removed all claims except for wrongful foreclosure and quiet title (*id.* at 2–6).

**ANALYSIS**

**1. MOTION TO DISMISS.**

In responding to the instant motion directed at the original complaint, plaintiff is now trying to abandon his original complaint. Plaintiff claims that the $434,495,100 loan alleged in the original complaint was a "typo" (Opp. 12). He has winnowed down his claims from nine to two (*id.* at 4). In his opposition, plaintiff only opposes defendants' motion as to these two claims (*ibid.*). Finally, instead of relying on his original complaint, plaintiff requests leave to amend (*id.* at 3).

Under Rule 15, plaintiff may amend his complaint once by right within 21 days of a responsive motion. As the time for amendment by right under Rule 15 has long passed, plaintiff

2

should have sought formal leave to file an amended complaint. Plaintiff may not, at this stage, moot out defendants' motion to dismiss merely by furnishing another complaint.

In the interest of efficiency and because the parties have briefed and had an opportunity to be heard on the issues raised by defendants' motion, however, this order will consider the proposed amended complaint as well. Because plaintiff's proposed complaint is barred by res judicata, plaintiff's proposed complaint is dismissed. Allowing plaintiff to further amend his complaint will not cure this problem. Accordingly, all complaints are dismissed without leave to amend, and plaintiff's action will be dismissed with prejudice.

Res judicata, or claim preclusion, provides that a final judgment on the merits bars further claims by the parties or their privies based on the same claims. Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003). Res judicata applies when "there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties. *Id.* at 1077 (quotation omitted). "Newly articulated claims based on the same transactional nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Id.* at 1078. "It is immaterial whether the claims asserted subsequent to the judgment were actually pursued." *Ibid.* (quotation omitted).

Plaintiff bases his proposed complaint on allegations that the trustee, Quality Loan, and the beneficiary, J.P. Morgan, were *not* substituted in prior to the sale (Proposed Amd. Compl. 2). In a prior action in this district, plaintiff alleged that J.P. Morgan and Quality Loan did not have the right or authority to initiate the foreclosure. *Eng v. Dimon*, No. C 11-3173, 2012 WL 3659600, \*1–2 (N.D. Cal. Aug. 24, 2012) (Judge Maxine Chesney). In that action before Judge Chesney, plaintiff alleged that the beneficiary status of J.P. Morgan on the mortgage was not proper because there was no evidence of a change in beneficiary (Dkt. No. 9 ¶ 60, 8 ¶ 46). Among the various claims plaintiff brought in that prior action were wrongful foreclosure and quiet title. *Eng*, 2012 WL 3659600, at \*1–2. Judge Chesney found that J.P. Morgan and Quality Loan had acquired all rights to the loan and thus had the authority to initiate the foreclosure proceeding. *Ibid.* Plaintiff's complaint was dismissed without leave to amend. *Id.* at \*3.

3

1  Judgment was entered against plaintiff. *Eng v. Dimon*, No. C 11-3173 (Dkt. No. 68) (N.D. Cal.
2  2011).

3   The instant action and this prior action arise out of the same nucleus of facts — namely
4  that in acquiring Washington Mutual, J.P. Morgan properly replaced itself as beneficiary.
5  Both actions have the same claims of wrongful foreclosure and quiet title. The claims alleged
6  in the prior action, therefore, appear to be identical to those asserted herein. Furthermore,
7  assuming, *arguendo*, that the claims are not identical, it is clear that the claims are part of the
8  same transaction, are related to the same set of facts, and could have been conveniently tried
9  together.

10   Plaintiff attempts to distinguish the two actions by arguing that the instant action
11  concerns the title at the time of sale and that the prior action before Judge Chesney was an action
12  to "produce the note" (Opp. at 6). This is wrong. Whether or not the present wording was
13  actually litigated in the previous case, "res judicata bars not only all claims that were actually
14  litigated, but also all claims that could have been asserted in the prior action." *See Int'l Union of*
15  *Operating Eng'rs-Emp'rs Constr. Indus. Pension, Welfare and Training Trust Funds v. Karr,*
16  994 F.2d 1426, 1430 (9th Cir. 1993) (quotation omitted). That is, even if the present claims as
17  such were not alleged in the previous case, they clearly could have been, and that is enough to
18  preclude the instant action. Because res judicata would apply to any action regarding the
19  foreclosure of the Lombard property, it would be futile to allow plaintiff to amend his complaint
20  again.

21   Accordingly, the complaint is dismissed without leave to amend. Judgment will be
22  entered for defendants dismissing plaintiff's claim with prejudice. This order will now turn to
23  defendants' motion to declare plaintiff a vexatious litigant.

24   **2.    VEXATIOUS LITIGANT.**

25   Our court of appeals recognizes "the inherent power of federal courts to regulate the
26  activities of abusive litigants by imposing carefully tailored restrictions under appropriate
27  circumstances." *De Long v. Hennessey,* 912 F.2d 1144, 1147 (9th Cir. 1990) (quotation
28  omitted). A request to declare a party a vexatious litigant entails consideration of four factors:

4

(1) the party must have had adequate notice and a chance to be heard; (2) there must be an adequate record for review, including a list of all cases and motions that led the court to conclude that a vexatious litigant order was necessary; (3) the court must make a substantive finding as to the frivolous or harassing nature of the litigant's actions; and (4) the order must be narrowly tailored to fit the particular problem involved. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "[P]re-filing orders are an extreme remedy that should rarely be used . . . because such sanctions can tread on a litigant's due process right of access to the courts." *Ibid.* "Nevertheless, [f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Ibid.* (quotation omitted).

### A. Notice and Opportunity to Be Heard.

Where a motion to declare the plaintiff a vexatious litigant was filed and served on the plaintiff and the plaintiff had an opportunity to be heard opposing the motion, this requirement is satisfied. *Id.* at 1058. Here, defendants' motion provided plaintiff with notice, and plaintiff has received an opportunity to be heard by filing his opposition and at the hearing held on February 14, 2013. Plaintiff was given ample opportunity to respond. Plaintiff was given notice that he had failed to timely oppose the motion, and plaintiff's late opposition was accepted and considered (Dkt. Nos. 25 and 31). Moreover, plaintiff admits in his opposition that he had adequate notice (Opp. 11). Accordingly, this requirement has been satisfied.

### B. Adequate Record.

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed," but the court need not list every case in which the litigant has appeared. *Molski*, 500 F.3d at 1059 (quotation omitted). Defendants have submitted filings in a number of actions relevant to this order, of which judicial notice is appropriate (Dkt. No. 10).

Plaintiff has been involved in several prior actions against defendants on the Lombard property and foreclosure (*id.* Exhs. 1–10). Plaintiff first filed an action in state court in April 2009, which was dismissed without leave to amend (*id.* Exh. 3). Then in November 2010,

plaintiff filed a second action in state court (*id.* Exhs. 4, 5). That action ended in an order requiring plaintiff to provide security in order to continue the action (*id.* Exh. 5). When plaintiff failed to do so, the action was dismissed (*id.* Exh. 6). Next, in June 2011, plaintiff filed a third action in this Court, which was assigned to Judge Chesney (*id.* Exh. 7). That complaint alleged claims on the foreclosure of the Lombard property against the same defendants as this action (*id.* Exh. 7, 8). By order dated August 2012, defendants' motion to dismiss was granted, and the complaint was dismissed without leave to amend (*id.* Exh. 9). Judgment was entered against plaintiff. *Eng v. Dimon*, No. C 11-3173 (Dkt. No. 68) (N.D. Cal. 2011).

Defendants also cite several of plaintiff's actions to which they were not a party. They first cite to an order by Judge Charles Breyer in this district requiring plaintiff to submit to pre-filing review because plaintiff had filed suit against the same parties multiple times (*id.* Exh. 14). Defendants also cite several other actions where courts admonished plaintiff for filing vexatious complaints (*id.* Exhs. 10, 11, 12, 14, 19 and 20). Defendants also include several other actions where plaintiff's claims were dismissed; because there was no evidence of admonishment in the dismissals, this order did not rely on these actions (*id.* Exhs. 13, 15, 16 and 17).

From the record of plaintiff's prior actions against defendants, listed above, and that established in the instant action, this order finds the record is adequate to conclude that plaintiff is a vexatious litigant.

### C. Frivolous and Harassing Nature of Plaintiff's Actions.

Under the third factor, courts must examine "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Molski,* 500 F.3d at 1059 (quotations omitted). "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Ibid.* (quotation omitted). Because plaintiff has sued defendants multiple times on the same foreclosure event, this order finds there is a sufficient basis to conclude that plaintiff's litigation against defendants has been abusive and frivolous.

6

*First*, plaintiff's original complaint in the instant action lacked any credible factual basis. Plaintiff claimed the existence of a $434,495,100 loan executed in November 2005 (Compl. 3). In light of defendants' response that no such loan ever existed, plaintiff was ordered to provide documents proving the existence of the loan (Dkt. No. 22). In response, plaintiff offered several documents that listed a *different* loan on the Lombard property, but it was the same loan that had been the subject of three prior actions (Dkt. No. 28). In his late opposition, plaintiff admitted that the loan in the original complaint did not exist and claimed it was a "typo" (Opp. 12). He then attempted to amend his complaint, without leave, to litigate the *same* issues on the *same* loan as the prior action before Judge Chesney. (Indeed, he filed the current action a month after final judgment was entered against him in the prior action.)

*Second*, even if the $434,495,100 loan in his complaint really was a typo, and the loan sued on was the same old loan already litigated, then plaintiff has tried to relitigate the same claim multiple times. This is vexatious in and of itself and dispositive. This order finds that plaintiff intends to harass the defendants by filing multiple suits on the same subject matter.

Although for the reason just stated it is unnecessary to reach the issue of whether the $434,495,100 loan was a "typo," nonetheless it is quite clear to the Court that it was not a typo. Plaintiff wrote in his complaint: "Plaintiff did sign a NOTE and Deed of Trust with [Washington Mutual] on or about November 25, 2005 for $434,495,100" (Compl. 3). The actual loan was for $1,789,500 and was entered into on June 28, 2005 (Dkt. No. 32 Exh. A). There is no way to find a typo. The dollar amounts are not similar, and the dates are different. A typo is a transposition or adding an extra zero or the like. Instead, realizing that he could not re-sue on the same loan, plaintiff fabricated an entirely different loan to manufacture a "new" claim for relief. This entire allegation was deliberately false and malicious and was not a mistake.

By filing and serving a complaint with false information, plaintiff's actions have been abusive, frivolous, and harassing. It is clear and this order finds that plaintiff tried to dress up the original complaint herein as based on yet a new loan not yet litigated, and when called on it, he backpedaled to re-assert the old loan already litigated, which is just as bad and simply repetitive.

7

1   Finally, plaintiff is a repeat offender. Judge Breyer previously found that plaintiff was harassing
2   a different set of defendants by filing suit on the same general claims in both state and federal
3   courts (Dkt. No. 10 Exh. 14). In response, Judge Breyer issued a pre-filing review on plaintiff's
4   future pro se complaints against those defendants (*ibid.*).

5   Accordingly, this order finds that plaintiff's conduct against the defendants sued herein
6   has been both frivolous and harassing.

### D. Narrowly-Tailored Order.

8   Orders "must be narrowly tailored to closely fit the specific vice encountered."
9   *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). An order preventing plaintiff
10  from filing any suit in a particular district court is overbroad and not narrowly tailored. *Ibid.*
11  Our court of appeals has approved orders that restrict a party from filing complaints regarding
12  specific issues and specific defendants. For example, our court of appeals has approved of an
13  order that only covered actions under Title III of the ADA in just one particular district court.
14  *Molski*, 500 F.3d at 1061. Our court of appeals has also approved of an order that restricted
15  plaintiff from filing new complaints that relitigated issues already decided in prior actions.
16  *Wood v. Santa Barbara Chamber of Commerce*, 705 F.2d 1515, 1523–26 (9th Cir. 1983).

17  In the Court's judgment, if it was within the power of the district judge to impose a
18  vexatious litigant bar on plaintiff forever after, then the Court would do so because it is clear
19  that the plaintiff is a plague on the judicial system. But under the law in our circuit, the Court
20  cannot go so far, just as it would be.

21  This order finds that plaintiff is a vexatious litigant and that an appropriate pre-filing
22  review order is warranted. This is not a bar on bringing suits, but a pre-filing review. Plaintiff
23  must submit to pre-filing review of any pro se complaint filed in the Northern District of
24  California against Washington Mutual Bank, FA; J.P. Morgan Chase Bank, N.A.; California
25  Reconveyance Corporation; Quality Loan Service Corporation; and La Salle Bank National
26  Association or on the foreclosure on the Lombard Street property. The Clerk shall then forward
27  any complaints or notices of appeal submitted by plaintiff to the undersigned for pre-filing
28  review. If the Court ascertains that the complaint or notice of appeal is duplicative or frivolous,

it will not be filed and will be returned to plaintiff. If the Court finds that the proposed pleading meets the pleading standards, it will be given to the Clerk with instructions to file it, subject to payment of fees.

Contrary to defendants, the Court cannot find authority to bar plaintiff from suing them in other districts, but if he does so on the same matters already barred, please bring this order to the attention of the supervising judge.

## CONCLUSION

For the reasons stated above and to that extent, defendants' motion to dismiss and motion to declare plaintiff a vexatious litigant is **GRANTED**. Plaintiff is **ORDERED** to comply with the pre-filing restrictions described above. Judgment will be entered for defendants by a separate order.

**IT IS SO ORDERED.**

Dated: February 14, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

9