IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARTIN ENG,

    Plaintiff,

v.

WASHINGTON MUTUAL BANK, FA; J.P. MORGAN CHASE BANK, N.A.; CALIFORNIA RECONVEYANCE CO.; QUALITY LOAN SERVICE CORP.; LA SALLE BANK NATIONAL ASSOC.; and DOES 1–20, Inclusive,

    Defendants.

No. C 12-05062 WHA

**ORDER DENYING MOTION TO RECONSIDER**

    Pro se plaintiff filed a motion to reconsider requesting the undersigned to "reconsider the rulings for Defendant of Judgments on their motions" (Br. 1). Although labeled as a motion to reconsider, because final judgment has already been issued in this action, this order will construe plaintiff's motion as a motion to alter or amend judgment under Rule 59(e).

    By order dated February 14, this action was dismissed with prejudice because res judicata barred plaintiff's claims (Dkt. No. 37-4). In addition, plaintiff was declared a vexatious litigant and a pre-filing review order has issued, requiring review of any future pro se complaints filed by plaintiff against any of the defendants in this action or on the foreclosure of the Lombard property (*id.* at 8–9).

    Plaintiff provides two reasons for why the February 14 order should be amended. *First*, plaintiff seems to argue that the order's finding that the $434,495,100 loan was a typo was

in error and could be proven as such at trial (Br. 2). *Second*, plaintiff contends that "there are sufficient grounds to move the case forward" (*ibid.*). Neither of these arguments are persuasive.

The February 14 order found plaintiff's claim that the $434,495,100 loan was a typo was not credible because the numbers of the two loans did not relate at all (Dkt. No. 37-7). Plaintiff even specified the date of the loan, and this was not accurate either (*ibid.*). At the February 14 hearing, plaintiff claimed that he had someone else type his complaint (Tr. 10). Even if this is true, plaintiff is still required to read through his own complaint before filing. Finally, even if plaintiff could possibly be excused from his error in specifying the wrong loan, this action would still have been dismissed because res judicata applies. The February 14 order analyzed whether plaintiff's claims could stand under the actual loan and found that "res judicata would apply to any action regarding the foreclosure of the Lombard property" (Dkt. No. 37-4). In his brief, plaintiff fails to specify what grounds exist for allowing this action to proceed and fails to argue why res judicata would not apply. In short, even if plaintiff could prove that filing suit under the $434,495,100 loan was excusable error, the order would still stand because res judicata applies.

Because plaintiff's complaint was barred by res judicata and he had filed the same action multiple times, the order found plaintiff to be harassing (*id.* at 7). The order even stated that refiling the same complaint "is vexatious in of itself and is dispositive" (*ibid.*). Plaintiff argues for reconsideration because declaring him vexatious "is a major destroyer of one's life" (Br. 2). The standards for declaring a party vexatious are high, but the order correctly applied those standards, and plaintiff offers no reason why declaring him vexatious was in error.

The instant motion offers nothing to justify reconsideration of either the order dismissing the action or declaring plaintiff vexatious. Therefore, plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 6, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2